**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Guillermo LANGARICA–RIVERA,**
**Defendant—Appellant.**

No. 04–50306.
D.C. No. CR–03–01362–JSR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Michelle Jennings, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Ezekiel E. Cortez, San Diego, CA, for Defendant–Appellant.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

MEMORANDUM**

Guillermo Langarica–Rivera appeals from a 71–month sentence imposed follow-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ing his guilty plea to attempted entry after deportation, 8 U.S.C. § 1326.

Langarica–Rivera contends that the district court violated his constitutional rights in making an upward adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a crime of violence. This contention is foreclosed by this court's case law. *See United States v. Moreno–Hernandez,* 419 F.3d 906, 914–15 n. 8 (9th Cir.2005) (explaining that a district judge's enhancement of a sentence, based on the fact of a prior conviction under U.S.S.G. § 2L1.2, does not raise any Sixth Amendment problems).

Because Langarica–Rivera was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See Moreno–Hernandez,* at 915–16 (extending *Ameline's* limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.